# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Damian Inman, | ) | Civil Action No.: 5:18-cv-02155-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Sally J. Boss and Linda Foley, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Damian Inman, proceeding pro se,[1] filed this civil rights action against Defendants Sally J. Boss and Linda Foley (together "Defendants") pursuant to 42 U.S.C. § 1983 seeking monetary damages, declaratory, and injunctive relief for Defendants' alleged use of excessive force against Plaintiff in violation of constitutional rights protected by the Eighth Amendment to the United States Constitution.[2] (ECF No. 62.)

This matter is before the court on Defendant Foley's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 82.) In accordance with 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to the United States Magistrate Judge for pretrial handling. On October 28, 2019, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court dismiss the action

---

[1] "Because he is a pro se litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

[2] The court observes that Defendant Boss has neither been served nor made an appearance in this action.

1

with prejudice for failure to prosecute. (ECF No. 103 at 1.) Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation, which are presently before the court. (ECF No. 105.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation, **DISMISSES** this matter for failure to prosecute, and **DENIES AS MOOT** Defendant Foley's Motion for Summary Judgment.

## I. RELEVANT BACKGROUND

The background of this matter is discussed in the Report and Recommendation. (ECF No. 103 at 1.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's summation is accurate and incorporates it by reference. The court will only reference herein additional facts viewed in the light most favorable to Plaintiff that are pertinent to the analysis of his claims.

Plaintiff is an inmate presently incarcerated at the Kirkland Correctional Institution in Columbia, South Carolina. (ECF No. 110.) Plaintiff alleges that on January 27, 2018, when he was an inmate at the Kershaw Correctional Institution in Kershaw, South Carolina, Defendant Foley used excessive force by spraying chemical munition on Plaintiff after Defendant Boss claimed she was sexually assaulted by him. (*See generally* ECF No. 62 at 10–11.) Plaintiff further alleges Boss wrongfully failed to administer medical treatment after the spraying incident. (*Id.* at 11.) After exhausting his administrative remedies through the South Carolina Department of Corrections' ("SCDC") inmate grievance process (*see id.* at 11–12), Plaintiff filed a Complaint in this court on August 6, 2018. (ECF No. 1.) In the Complaint, Plaintiff alleged that he was subjected to cruel and unusual punishment and excessive force by Defendants in violation of the Eighth Amendment. (*Id.* at 4.) After receiving leave from the court (ECF No. 61), Plaintiff filed an Amended Complaint (ECF No. 62) on January 8, 2019, reiterating his Eighth Amendment

claims.

Thereafter, on July 1, 2019, Defendant Foley filed a Motion for Summary Judgment arguing that Plaintiff failed to allege facts sufficient to state a claim under the Eighth Amendment, or, alternatively, that she is immune from suit under the Eleventh Amendment, qualified immunity, and/or applicable provisions of the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 to -220 (2019). (ECF No. 82 at 1–2.) The court's electronic docketing system set July 15, 2019 (plus three additional days under Rule 6), as the deadline for Plaintiff to respond to Defendant Foley's Motion for Summary Judgment. The court then entered a "*Roseboro* Order" on July 2, 2019, to advise Plaintiff "of the dismissal/summary judgment procedures" and to warn him that "[i]f you fail to respond adequately, the court may grant [] [D]efendant's [M]otion, which may end your case." (ECF No. 83 at 1.) After it did not receive any opposition from Plaintiff to Defendant Foley's Motion, the court entered Orders on September 30, 2019, and October 8, 2019, directing Plaintiff to convey whether he intends to continue with the case and advising that a failure to respond could result in the dismissal of the action. (ECF Nos. 98, 101.)

On October 28, 2019, the Magistrate Judge issued the Report and Recommendation at issue recommending that the court dismiss the action with prejudice for failure to prosecute. (ECF No. 103 at 1 (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b)).) On November 14, 2019, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 105.) The court considers the merits of Plaintiff's Objections to the Report and Recommendation below.

## II. JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims against Defendants under 42 U.S.C. § 1983, which permits an injured party to

bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." *Id.*

### III. STANDARD OF REVIEW

A. <u>Report and Recommendation</u>

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *Id.* at 316. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

B. <u>Motion for Summary Judgment</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party

4

is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party in order to avoid summary judgment. *See id.* at 248.

### IV.  ANALYSIS

A.  <u>The Report and Recommendation</u>

Upon her review, the Magistrate Judge observed that "[d]espite the specific warning and instructions set forth in the court's *Roseboro* orders, Plaintiff has failed to respond to [] [Defendant Foley's] [M]otion" for Summary Judgment. (ECF No. 103 at 1.) The Magistrate Judge further concluded that Plaintiff "does not oppose the [M]otion and wishes to abandon this action." (*Id.*) As a result, the Magistrate Judge recommended that the court dismiss the case with prejudice for failure to prosecute. (*Id.*)

B.  <u>Plaintiff's Objections to the Report and Recommendation</u>

In his Objections, Plaintiff asserts that he filed Responses to Defendant Foley's Motion on July 18, 2019, and October 14, 2019. (ECF No. 105 at 1 (referencing ECF Nos. 105-1, 105-2).) He asserts that he sent "a copy of AFFAVIT's [sic] but not the Exhibits because [] [he] sen[t] the Exhibits to [D]efendant['s] lawyer." (*Id.* at 2.)

C.  <u>Defendant Foley's Reply to Plaintiff's Objections to the Report and Recommendation</u>

Defendant Foley responded to Plaintiff's Objections asserting that "Plaintiff never filed

any documents responsive to Defendant's Motion for Summary Judgment nor to the [c]ourt's Orders to file a responsive document."[3] (ECF No. 106 at 3.) Therefore, she argues that "Plaintiff's Objection, pursuant to Rule 5 Fed. R. Civ. Pro., is meritless as Plaintiff failed to properly file any responsive documents in a reasonable time after service." (ECF No. 106 at 3.) Accordingly, Defendant Foley requests that the court adopt "the recommendation of the Report and Recommendation, and that Plaintiff's case be dismissed or in the alternative that Defendant [Foley] be granted summary judgment." (*Id.* at 5.)

D.   The Court's Review

In this matter, Plaintiff asserts that he was subjected to excessive force when sprayed with chemical munition and to cruel and unusual punishment when denied medical treatment in violation of 42 U.S.C. § 1983. The record before the court reflects that Plaintiff did not file a response to Defendant Foley's Motion for Summary Judgment, thus requiring the court to "decide the matter on the record." *See* Local Civ. Rule 7.06 (D.S.C.). Upon her review of the record, the Magistrate Judge recommended that the court dismiss the matter based on Plaintiff's failure to prosecute. Plaintiff filed Objections to the Magistrate Judge's recommendation, but nowhere in his documentation does he offer any explanation as to why he (1) was unable to timely submit to the court a memorandum in response to Defendant Foley's Motion for Summary Judgment within the time parameters set by the Magistrate Judge in her Orders and (2) sent copies of an alleged responsive memorandum to Defendant's counsel.[4] With respect to the latter issue, the court

---

[3] The court observes that Defendant Foley's attorneys admit to receiving "by mail, the two documents attached to Plaintiff's Objection," but they were not sure these documents were intended as Plaintiff's final draft of his Response to Defendant Foley's Motion for Summary Judgment. (ECF No. 106 at 3–4.)

[4] Moreover, there are numerous examples in the record that even though he is pro se, Plaintiff knows how to file documents with the court. (*See, e.g.*, ECF Nos. 29, 30, 38.)

observes that Plaintiff's submission cannot be construed as a filing because Rule 5 expressly defines a filed document as one delivered to the clerk or to a judge. *See* Fed. R. Civ. P. 5(d)(2). Therefore, upon consideration of the foregoing, the court finds that Plaintiff's Objections are without merit and are **OVERRULED**.

## V. CONCLUSION

For the reasons set forth above, the court hereby **DISMISSES** Plaintiff's Amended Complaint **WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and **DENIES AS MOOT** Defendant Linda Foley's Motion for Summary Judgment (ECF No. 82). The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 103) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 4, 2020
Columbia, South Carolina